Dear Councilman Riggins:
You have requested a clarification of Attorney General Opinion No. 98-171 which addressed the issue of the legality of the appointments to the current Board of Commissioners (the "Board") of the Vinton Harbour and Terminal District of Calcasieu Parish (the "District"). Therein, we concluded that the filling of vacancies of the Board is governed by R.S. 34:334.2.
The issue submitted for our determination is the manner in which vacancies occurring due to the expiration of the original term must be filled. We found the following language from Section 334.2 to be controlling:
 "Initially the commissioners appointed for terms of one, three and five years shall be appointed by the mayor and the town council of the town of Vinton, Calcasieu Parish, Louisiana, and those commissioners appointed for terms of two and four years shall be appointed by the police jury of the parish of Calcasieu, state of Louisiana. Any vacancy in any original term shall be filled in the manner of original appointments. Any vacancy occurring due to the expiration of the original term shall be filled by the board of commissioners, for the term of five years, from a panel of names submitted to them as follows:
 Two names to be submitted by each of the following:
 (1) The governing authority of the town of Vinton, Louisiana.
 (2) The police jury of the parish of Calcasieu, Louisiana." [Emphasis added.]
You ask whether, once the initial terms have expired, the governing authority of the town of Vinton should be the only party submitting names for those commissioners appointed for initial terms of one, three and five years, and the Calcasieu Parish Police Jury for submitting names to replace the commissioners appointed for initial terms of two and four years. We answer your question in the negative.
As can be seen from the clear language of the statute, any
vacancy occurring due to the expiration of the original term must be filled by the Board from a panel of four names, two each being submitted by the governing authority of the town of Vinton and the Calcasieu Parish Police Jury.
Accordingly, Opinion No. 98-171 is hereby affirmed in its entirety.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla